**ESTATE OF Philip D. EVERETT.**

Supreme Judicial Court of Maine.

Argued May 4, 1983.
Decided May 31, 1983.

Burton G. Shiro Law Offices, Charles E. Trainor (orally), Waterville, for plaintiff.

Hyde, Day & Ferris, William Thomas Hyde (orally), Wallace A. Bilodeau, Skowhegan, for Darrell Bilodeau.

Donald E. Eames, Skowhegan, for Marion Everett.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

CARTER, Justice.

The appellant, personal representative of this estate and brother of the deceased, appeals the judgment of the Somerset County Probate Court. The judgment awarded appellant $940.00 for the costs of materials and labor involved in preserving the real estate in the estate, as opposed to his requested $3183.00. We dismiss the appeal.

## Procedure and Facts

After appellant's motion for continuance was denied on September 29, 1982, the hearing on appellant's petition for payment was held as scheduled on October 13, 1982. No record was made of the proceedings. The appellant's position was that he had expended $3183.00 to preserve the decedent's real estate and to increase the marketability of that real estate. In his order of November 4, 1982, the probate judge awarded the appellant $940.00. On December 2, 1982, the appellant filed this appeal.

The original record was filed with the Law Court on December 20, 1982. No statement of evidence was filed by the appellant by the December 23, 1982 deadline. M.R.Civ.P. 74A(a). Appellant's motion to this Court for an extension of time in which to file the statement of evidence was filed on December 27, 1982 and was denied on December 30, 1982. M.R.Civ.P. 74A(d). On January 7, 1983, appellant filed a motion for reconsideration of the denial of his previous motion for an extension of time in which to file a statement of evidence. The appellee filed a motion objecting to reconsideration. The appellant's motion was denied on January 14, 1983.

On January 6, 1983, appellant filed with the Probate Court and with the appellee a proposed statement of evidence. M.R. Civ.P. 74(c). On January 11, 1983, the appellee made a timely objection to the statement. M.R.Civ.P. 74(c). On January 18, 1983, the Probate Court refused to accept the statement of evidence and declined to certify the statement. The Probate Court stated:

(1) Rule 73(f) of the Maine Rules of Probate Procedure clearly provides that the Probate Court shall take " ... no further action until after certification of disposition of the Appeal in the Law Court ... "

(2) Rule 74(c) of the Maine Rules of Probate Procedure is available as a meth-

od of creating a record to Appellee [sic] only before the record on Appeal is transmitted to the Law Court.

On January 19, 1983, appellant filed with this Court a motion to correct or modify the record on appeal. M.R.Civ.P. 74(e). On January 27, 1983, this Court granted that motion to the extent that the appellant could seek settlement of the record by the Probate Court or by stipulation of all parties, provided that appellant's brief and appendix were filed by February 7, 1983. The order provided that no further enlargements of time would be granted. The Probate Court has informed appellant that it will take no further action in this matter except to approve a stipulated statement of the evidence. The appellee has refused to stipulate.

On February 4, 1983, the appellant filed a motion for relief from the court's order of January 27, 1983 and for an extension of time in which to file his brief. This motion was denied on the same day.

On March 4, 1983, appellant filed a motion requesting that this Court direct settlement of the record by the Probate Court. M.R.Civ.P. 74(c). The motion stated that "[d]ue to mistake, inadvertance, and excusable oversight," the appellant failed to notify the Probate Court that he would be filing a statement of the evidence. After recounting the procedural history of the case, appellant noted that "[b]ecause of the inaction of the Somerset County Probate Court and the opposing party, the appellant is prevented from seeking the settled Statement of the Evidence...." On March 7,

1983, appellee filed a motion to dismiss the case with costs and appropriate monetary sanctions to appellee. In its order of March 11, 1983, this Court ordered that both the motion for settlement of the record and the motion to dismiss would be argued with the merits of the case at oral argument.

In his brief to this Court, the appellant simply includes a photocopy of the proposed and rejected statement of the evidence. Appellant's argument in brief consists of only two sentences because the appellant "bases his argument on the *Statement of Facts* as set forth in this Brief and upon the following authorities." (Emphasis added.) The authorities include a few sections of the Probate Code and C.J.S.

### Discussion

 Rules 73, 74(b), 74A, and 74B, M.R. Prob.P., provide that M.R.Civ.P. 73, 74(b)–(e), 74A, and 74B govern appeals from the Probate Court to the Law Court. Pursuant to M.R.Civ.P. 74(c), the appellant had the right to submit a statement of the evidence taken at the probate hearing because there was no record. Appellant had twenty-one days within which to file that statement. Rule 74A(a). Two weeks after the filing deadline, appellant filed the statement of evidence, to which appellee seasonably objected. The Probate Court correctly refused to consider the statement. Rule 73(f) provides that the lower court shall take no further action until after certification of disposition of the appeal in the Law Court, with certain exceptions. None of the exceptions applies to this case.[1] The Probate Court emphasized that one exception, allow-

---

1. M.R.Civ.P. 73(f) provides, in part:

 The Superior Court shall take no further action until after certification of disposition of the appeal in the Law Court, except as provided in Rules 27(b) [court may allow taking of depositions or discovery pending appeal], 60(a) [court may correct clerical mistakes before appeal docketed in Law Court; court may correct such mistakes with leave of Law Court while appeal is pending], 62(c) [court may order execution before appeal and may order party against whom execution was sought to give bond pending appeal], 62(d) [court may suspend, modify, restore or grant

 an injunction pending appeal], and 74(e) [court may settle differences and correct omissions and misstatements in record pending appeal]; except as is otherwise necessary in connection with prosecution of the appeal; and except as is necessary to dispose of any timely motion made pursuant to one of the rules enumerated in Rule 73(a) [50(b), motion for judgment notwithstanding the verdict; 52(a), motion for findings of fact or conclusions of law; 52(b), motion to amend or to make additional findings of fact; 59, motion to alter or to amend judgment or for new trial].

ing the lower court to settle objection to the statement, was available only before the original record is transmitted to the Law Court.

■ M.R.Civ.P. 73(g)(2) permits the Law Court, on motion of any other party or on its own initiative, to dismiss an appeal for want of prosecution if the appellant fails to comply with the provisions of Rules 73–76B. In addition, Rule 6(b)(2) provides that when time requirements are not met and a motion for extension is made after the prescribed deadline, an extension is allowed only on a showing of excusable neglect. Excusable neglect is a strict standard requiring a showing of extraordinary circumstances. *State v. One 1977 Blue Ford Pick-Up Truck*, 447 A.2d 1226, 1231 (Me.1982) ("Where ... the neglect is that of the party charged to act, some extraordinary circumstance must be proven to justify excuse of such neglect.")

■ Although in his motion the appellant alleges "mistake, inadvertance, and excusable oversight," there is no showing of a justification sufficient to excuse his failure to fulfill the time requirements of Rule 74A(a). The appellant has filed two motions for extensions of time, two motions for reconsideration, one motion to direct the Superior Court to correct or modify the record, and one motion requesting that this Court direct settlement by the Probate Court of the record. We emphasize that the duty to transmit the record within established time requirements lies with the appellant. M.R.Civ.P. 74A(a).

■ In addition, appellant's inclusion in his brief, under the heading "Statement of Facts," of the disputed statement of evidence is inappropriate and potentially misleading to the Court. His two-sentence argument in his brief, in reliance on the unauthorized "Statement of Facts," displays a cavalier disregard of the responsibilities of counsel and disrespect for the Court. *See*

2. The appellant filed no M.R.Civ.P. 52(a) motion for a finding of facts by the Probate Court,

*Estate of Ernest F. Bonin, Sr.*, 457 A.2d 1123, 1125 (Me.1983).

■ M.R.Civ.P. 74(e) provides that the Probate Court may correct omissions, misstatements, or differences in the record, even after submission of the record to the Law Court. It is clear, however, that that section is intended to provide a mechanism for rectification of a properly settled record. It is not intended to reach a situation in which the "omission" is of any record of facts and in which the "differences" between parties pertain to a statement of evidence, which was filed late and which is acceptable to only the appellant. The wording of 74(e) suggests that the rule offers a procedure for "Correction or Modification of the Record," not creation of the record. That section of the rule is not applicable to this situation.

■ M.R.Civ.P. 74(c) provides that the Probate Court may settle and approve the statement of evidence. Based on the Probate Court's refusal to take further action with regard to the statement of evidence in this matter, except to approve a stipulated statement, it appears likely that the Probate Court has an understandably insufficient recollection of the facts in this case, argued in September, 1982, without record, on which to base any statement of evidence.[2] The burden to produce a statement of the evidence, to which the appellee would agree, and, therefore, to provide a record for this appeal, was on the appellant. We refuse to direct the Probate Court, at this late date, to shoulder the appellant's burden. Rule 74(c) is an inappropriate remedy in this case.

■ This appellant's utter failure, without justification, to comply with the time requirements for appeal is governed instead by two other rules of procedure. The ap-

as permitted by M.R.Prob.P. 52.

pellee has properly moved to dismiss this appeal for want of prosecution. M.R.Civ.P. 73(g)(2). Further, because we have no record on which to proceed, we determine that this appeal is frivolous. We award to the appellee treble costs and reimbursement of $250.00 toward appellee's attorney's fees. M.R.Civ.P. 76(f).

The entry is

Appellant's motion for settlement of the record by the Probate Court denied.

Appellee's motion to dismiss appeal granted with treble costs and reimbursement of $250.00 toward appellee's attorney's fees.

All concurring.