STATE of Maine

v.

**Raymond HEIKKINEN, Jr.**

Supreme Judicial Court of Maine.

Argued June 6, 1984.

Decided July 6, 1984.

Kevin J. Regan, Asst. Dist. Atty., South Paris (orally), for plaintiff.

Craig E. Turner, Norway (orally), for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

A Superior Court Jury in Oxford County found Raymond Heikkinen, Jr. guilty of operating a motor vehicle while under the influence of intoxicating liquor. 29 M.R.S.A. § 1312–B (Supp.1983). On appeal the defendant claims that the arresting officer's explanation of the rights read from a Miranda card was so confusing as to require exclusion of the defendant's statements. We decline to reach the merits of Heikkinen's appeal because of his failure to comply with our appellate rules. Instead we dismiss the appeal.

M.R.Crim.P. 39B(a)(6) requires that the brief of the appellant contain an appendix which shall include "copies of the charging instrument, the docket entries in both District and Superior Courts, and the judgment." The appendix requirement was added by amendment effective May 15, 1981. Its purpose is to relieve, in part, the logistical problems inherent in assembling appellate judges at Portland or Bangor for a week's oral arguments. In lieu of the detailed appendix required in civil cases, the criminal rules demand only the bare minimum necessary to follow the procedural history of the case.

The defendant filed his brief on April 17, 1984, containing only 1½ pages of argument and no appendix. He was notified by the clerk of the Law Court on April 18 that (1) the brief was five days late, (2) it included the wrong docket number, and (3) the appendix had been omitted entirely, citing M.R.Crim.P. 39B. A second notice was mailed May 3, 1984. As of the time of oral argument the defendant offered us neither an appendix nor, upon inquiry, any explanation for its omission.

We have previously expressed our dismay at an improperly prepared appendix in a civil appeal. *Your Home, Inc. v. City of Portland,* 432 A.2d 1250, 1256 (Me.1981). We note that dismissal is seen as a proper sanction against a criminal defendant for violation of an appellate rule. *United States v. Lynch,* 419 F.2d 386 (4th Cir. 1970). Unlike the court in *Lynch,* however, we deem it inappropriate to express any opinion on the merits. Only by summarily dismissing this appeal can we communicate to counsel that compliance with our rules is important to the proper functioning of this Court.

The entry is:

Appeal dismissed.

All concurring.