1997 ME 86

**STATE of Maine**

v.

**Roger POIRIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 14, 1997.
Decided April 29, 1997.

Norman R. Croteau, District Attorney, Joseph M. O'Connor, Asst. Dist. Atty., South Paris, for State.

Tara K. Jenkins, Law Offices of William Maselli, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant, Roger Poirier, appeals from a judgment entered in the Superior

Court (Oxford County, Mills, J.) on a jury verdict finding him guilty of operating under the influence of intoxicants, in violation of 29–A M.R.S.A. § 2411 (1996). Defendant argues on appeal that the breath sample admitted in evidence against him was not properly authenticated and that the testimony of the state's chemist concerning the analytical test results of that sample should have been excluded on the basis of the best evidence rule. Finding no error, we affirm the judgment.

[¶ 2] At the trial, the State introduced a breath test kit in evidence. The arresting officer testified that he used the kit to test defendant's breath on the night in question. He testified that, once the test was completed, he initialed the kit, dated it, and sealed it. The officer took the sealed kit back to the police department and had his secretary mail it to the state laboratory.

[¶ 3] The state chemist testified that the kit came into his possession with the seals intact. Defendant objected to any further testimony by the chemist arguing that, in the absence of testimony from the secretary, the break in the chain of custody rendered any further testimony inadmissible. The court overruled his objection.

[¶ 4] A break in the chain of custody of real evidence is relevant in assessing the weight of that evidence, but it does not inexorably affect admissibility. Our rule provides that:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

M.R.Evid. 901(a). Authenticity is cast in terms of conditional relevance, *State v. Thompson*, 503 A.2d 689, 691 (Me.1986); M.R.Evid. 104(b), and a trial court's relevancy determinations are reviewed for clear error. *State v. Philbrick*, 669 A.2d 152, 155 (Me.1995).

[¶ 5] Authentication of an object may be accomplished in a number of ways. Resort to the establishment of a chain of custody imposes no

> "new or extraordinary conditions upon the admission of evidence.... The law does

not demand that the proponent of evidence demonstrate the chain of custody so overwhelmingly as to eliminate all possibility of tampering with the exhibit involved. On the contrary, for admission purposes, it suffices if the custodial evidence establishes by the fair preponderance of the evidence rule that it is more probable than not that the object is the one connected with the case."

*State v. Vanassche*, 566 A.2d 1077, 1080 (Me. 1989) (quoting *Thompson*, 503 A.2d at 691). In the present case, the court did not err in determining the conditional relevance of the breath test kit.

[¶ 6] Defendant next challenges the court's failure to exclude the chemist's testimony regarding the results of the breath test. Defendant objected to this testimony on the same basis that he objected to the breath sample—lack of a foundation due to a break in the chain of custody. The court again overruled defendant's objection, and the chemist testified that the sample revealed a blood-alcohol content of .158% to .16%. Even though the chemist referred to no notes during his direct examination and presented none in evidence, defendant established in cross-examination that the laboratory notes he brought to court were photocopies rather than the originals that were maintained in the laboratory. Defendant asked if he had used the photocopied notes "to refresh your recollection or to basically tell you what the results were in this case." The chemist answered "yes" and was not asked for any further explanation.

[¶ 7] Relying on *State v. Degen*, 552 A.2d 2 (Me.1988), defendant moved to strike the chemist's testimony on the basis that it was somehow impermissibly based upon his photocopied notes. The court observed that the witness had not referred to the notes or offered them while on the witness stand. In addition, the court ascertained that there was no actual good faith dispute about any difference between the originals and the photocopies. The court overruled the objection and noted that "even if we were dealing with the fact situation in *Degen*," any deviation from the best evidence rule would be harmless error.

■ [¶ 8] In this case it makes no difference whether the documents were used to refresh the memory of the chemist or were being used as past recollection recorded. The court appears to have operated on the premise that, at the very most, the notes were used to refresh the memory of the witness. In such circumstances, the fact that a document is not admissible does not prevent its use as a means of refreshing the recollection of a witness. See Field & Murray, *Maine Evidence* § 612.1 at 6–84 (3d ed. 1992). The best evidence rule does not apply, and a copy may be used without accounting for the original. The only question is whether a document used for this purpose is genuinely calculated to revive the witness's memory. *Id.*

■ [¶ 9] It is a question of fact for the court to determine whether a document is used for the purpose of refreshing memory, or as a memorial of past recollection. *State v. LeClair*, 382 A.2d 30, 32 (Me.1978). Even if we were to assume that these notes were presented as the past recorded recollection of the witness, the absence of any good faith dispute concerning the contents of the photocopy would render any error in the application of the best evidence rule harmless. See *Degen*, 552 A.2d at 4.

The entry is:

Judgment affirmed.