2007 ME 18

**STATE of Maine**

v.

**Dennis R. HAMEL.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 20, 2006.
Decided: Jan. 30, 2007.

———

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Attorney, Portland, for State.

Dennis Hamel, Henniker, NH, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Dennis R. Hamel, acting pro se, appeals from a judgment entered in the District Court (West Bath, *Griffiths, J.*) following a non-jury trial. The court found that Hamel committed the civil violation of speeding fifteen to nineteen miles per hour over the limit, 29–A M.R.S. § 2073(3) (2006). Hamel argues that the court erred by admitting and relying on the testimony of the investigating police officer, which Hamel contends was not the product of the officer's independent memory, but rather was based primarily on the officer's notes. Hamel also contends that the court improperly prevented him from cross-examining the officer with respect to a crime for which he was charged, but not prosecuted, arising out of the same traffic incident.[1] We disagree with Hamel's contentions and affirm the judgment.[2]

[¶ 2] The only evidence the State presented at the hearing was the testimony of the police officer, who stopped Hamel and charged him with speeding. The officer used his notes during his testimony. Hamel objected to the officer's testimony at the hearing, arguing the officer did not have an independent recollection of the facts to which he was testifying.

 [¶ 3] Pursuant to M.R. Evid. 612,[3] a witness may use a writing or object to refresh his memory while testifying. Although investigative reports by police officers are inadmissible hearsay pursuant to M.R. Evid. 803(8)(B)(i), "the fact that a document is not admissible does not prevent its use as a means of refreshing the recollection of a witness." *State v. Poirier*, 1997 ME 86, ¶ 8, 694 A.2d 448, 450. Whether a police officer's notes are properly used to refresh a witness's recollection is a question of fact, *State v. LeClair*, 382 A.2d 30, 32 (Me.1978), which we review deferentially for clear error, *see State v. Trusiani*, 2004 ME 107, ¶ 22, 854 A.2d 860, 866. The trial court is in the best position "to observe the witness while he testified" and to determine whether the witness is relying solely on his notes in testifying. *LeClair*, 382 A.2d at 32.

[¶ 4] In this case, the trial court specifically addressed the issue of the officer's use of his notes, and whether the officer had an independent recollection of the events to which he testified. After the officer made a statement and answered

---

1. Hamel also raises issues of foundation, credibility, and sufficiency of the evidence. We have considered these contentions and find that they have not been adequately preserved. *Ballard v. Wagner*, 2005 ME 86, ¶ 16, 877 A.2d 1083, 1088; *see also State v. Thompson*, 1997 ME 109, ¶ 14, 695 A.2d 1174, 1179.

2. The State's brief on appeal is based on the State's understanding that Hamel has failed to provide the court with a complete and accurate transcript of the proceedings. Hamel, however, did provide the Court with a complete transcript of the hearing.

3. Maine Rule of Evidence 612 provides, in part: "If, while testifying, a witness uses a writing or object to refresh the witness's memory, an adverse party is entitled to have the writing or object produced at the trial, hearing, or deposition in which the witness is testifying."

follow-up questions by the court, the court questioned the officer as follows.

Q Okay. You've given testimony, and—and have—have you been referring to your notes in doing—in giving this testimony?

A Somewhat. Yes, sir.

Q Okay. Do you have an—an independent recollection of—of this event or are you relying solely on your notes?

A No, I have a independent—I do.

The trial court was in the best position to observe the officer's testimony, and how he used his notes. Viewing the evidence in a light most favorable to the State, as we must do, *see State v. Bouchard,* 2005 ME 106, ¶ 10, 881 A.2d 1130, 1134, the record supports the court's finding that the officer had an independent recollection of the event.

[¶ 5] Along with the speeding charge, Hamel was also charged with operating under the influence, a charge later dropped. Hamel contends that the court erred by preventing him from cross-examining the officer with respect to the circumstances surrounding the operating under the influence charge. The court informed Hamel that questions relating to a prior hearing[4] and the OUI charge were "not relevant to the issue of speed which is alleged here." Hamel continued to ask more questions with respect to the other charge, and the court again interjected stating, "I want to zero in on the charge of speeding. And so that's where we're going to be heading." After Hamel objected to this ruling, arguing that he should able to examine the officer regarding the officer's judgment, the court stated, "Well, you have the right to question his observations, but you—were drifting

into the OUI area, and ... this is a traffic court ... this is a civil violation, not a crime, as an OUI is, so there's a different standard here."

[¶ 6] Although the court stated that the testimony with respect to the prior charge was not "relevant," *see* M.R. Evid. 401, the court analyzed the issue pursuant to the standard reflected in M.R. Evid. 403, and balanced the relevance of the OUI charge brought against Hamel with the amount of time that the inquiry into the OUI charge was going to take. We have stated that rulings balancing the probative value of evidence pursuant to Rule 401 and its potential unfair prejudicial effect, confusion of the issues, undue delay, or waste of time pursuant to Rule 403, are reviewed for an abuse of discretion. *State v. Crocker,* 435 A.2d 58, 73 (Me.1981). The testimony that Hamel sought to elicit with respect to the circumstances surrounding the criminal charge, and why that charge was dropped, was relevant for the purpose of impeaching the credibility of the officer. Pursuant to Rule 403, however, the court has the discretion to exclude relevant evidence "if its probative value is substantially outweighed ... by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R. Evid. 403.

[¶ 7] In this case, the court did permit Hamel to question the officer with respect to a prior hearing and the dropped criminal charge. The court limited the questioning, however, essentially balancing the probative value of the evidence against considerations of undue delay and waste of the court's time in reviewing the evidence concerning another separate charge pre-

---

4. Hamel was also charged with refusing to undergo a test for measuring how much alcohol was in his system. There was a hearing before the Secretary of State on the suspension of Hamel's license on the issue. The hearing officer found that the officer's memory of the incident was inadequate, and refused to suspend Hamel's license. The OUI charge was subsequently dropped.

sented at a different hearing which had a different purpose. Thus, we cannot say that the court acted beyond its discretion by limiting the questioning in the manner that it did.

The entry is:

Judgment affirmed.