2011 ME 18

**STATE of Maine**

v.

**John M. DOMINIQUE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 27, 2011.
Decided: Feb. 8, 2011.

Wayne R. Foote, Esq., Law Offices of Wayne R. Foote, PA, Bangor, ME, for John Dominique.

Michael E. Povich, District Attorney, Jacqueline L. Smith, Asst. Dist. Atty., Prosecutorial District No. VII, Ellsworth, ME, for the State of Maine.

Panel: ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶ 1] John M. Dominique appeals from a judgment of the Superior Court (Hancock County, *Cuddy, J.*), following a jury verdict convicting him of operating under the influence (Class D), 29–A M.R.S. § 2411(1–A)(A) (2007).[1] We dismiss Dominique's appeal for his failure to timely prepare and file an appendix in compliance with M.R.App. P. 8. Pursuant to M.R.App. P. 8(j), "The failure to file an appendix, or the failure to include in the appendix any document required to be included as set out in this rule, may result in the dismissal of the appeal or other sanction." *See also State v. Ross*, 2004 ME 12, ¶ 1, 841 A.2d 814, 814.[2]

ch. 447, § 37 (effective Sept. 12, 2009) (codified at 29–A M.R.S. § 2411(1–A)(A) (2010)).

2. We note, after a thorough review of Dominique's arguments on appeal and the record, that were we to ignore Dominique's failure to timely file a proper appendix and reach the appeal on its merits, we would affirm his

The entry is:

Appeal dismissed.

conviction because (1) the court did not clearly err nor abuse its discretion to the prejudice of Dominique in allowing testimony regarding vertical gaze nystagmus, *see State v. Taylor*, 1997 ME 81, ¶ 10, 694 A.2d 907, 910; (2) the court did not clearly err in permitting a testifying witness to refresh his recollection using a police report he had authored, *see State v.* *Hamel*, 2007 ME 18, ¶ 3, 913 A.2d 1287, 1288; and (3) Dominique was not prejudiced by statements made in the State's closing argument to the jury because "it is highly probable that the jury's determination of guilt was unaffected by the prosecutor's comments," *see State v. Pelletier*, 673 A.2d 1327, 1330 (Me.1996) (citations omitted).