MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2015 ME 16
Docket:        Yor-14-209
Submitted
 On Briefs:   December 18, 2014
Decided:      February 12, 2015

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

FLINT A. HUTCHINSON

v.

CHRISTINA A. BRUYERE

HJELM, J.

[¶1]  Flint A. Hutchinson appeals from an order entered in the District Court (Springvale, *Darvin, J.*) denying in part his motions for contempt and to modify a judgment that established parental rights and responsibilities with respect to the parties' minor child.  Because Hutchinson failed to submit a proper record and an appendix that complied with the Maine Rules of Appellate Procedure, we dismiss the appeal.

## I.  BACKGROUND

[¶2]  Hutchinson and Christina A. Bruyere are the parents of a child born on November 6, 2007.  In May 2012, pursuant to an agreement of the parties, the District Court (*Cadwallader, M.*) issued a judgment establishing shared parental rights and responsibilities and shared primary physical residence of their child.

2

Nearly a year later, on April 2, 2013, Hutchinson filed a motion to modify and a motion for contempt, alleging that Bruyere violated the judgment when she relocated without informing him. A consolidated hearing was held on the motions in December 2013. At the conclusion of the hearing, the court orally issued a partial order addressing some aspects of Hutchinson's motions but reserved decision on several remaining points, which it adjudicated in a written supplemental order issued in April 2014. The effect of the orders was to grant Hutchinson's motions in part and to deny them in part. In its written order, the court stated:

> At the close of the hearing the court issued an oral decision as to both motions, including detailed findings of fact and conclusions of law and specific orders for relief, which are specifically incorporated by reference herein. This written decision is issued to supplement and memorialize the oral decision of the court. To the extent there is any conflict between this written decision and the prior oral decision of the court, the terms and provisions of this written order shall govern and control the rights of the parties.

(Footnotes omitted).

[¶3] Hutchinson filed a notice of appeal, accompanied by a completed transcript order form on which he indicated that he would pay for the transcript privately. Hutchinson, however, did not make the required payment, and for that reason the Office of Transcript Operations canceled the transcript.

*See* M.R App. P. 5(b)(2)(B).[1] Hutchinson filed an appendix to his brief on appeal, *see* M.R. App. P. 8, but it included only the court's April 2014 written order.

[¶4] In his brief, Hutchinson argues that the record does not support the court's decision on his motions and that his attorney did not adequately represent him at the motion hearing.

## II. DISCUSSION

[¶5] The Maine Rules of Appellate Procedure specify the submissions that an appellant must file in the Law Court. One of the required filings is the appendix. *See* M.R. App. P. 8. "The purpose of the appendix is to make available to each justice of the [C]ourt those documents from the record that are particularly important to the review of the issues on appeal." M.R. App. P. 8(c). Although the contents of the appendix are also included in the record on appeal, *see* M.R. App. P. 8(c)(2), the appendix ensures that all members of the Court, whose chambers are located in various locations throughout the state, have access to important elements of the record. *See State v. Heikkinen*, 477 A.2d 749, 750 (Me. 1984) (per curiam).

[¶6] The appendix in every appeal must include certain documents, which include a table of contents, the docket entries from the trial court, and the initiating

---

[1] M.R. App. P. 5(b)(2)(B) refers to the Office of Transcript Production; however, the name of this office is now the Office of Transcript Operations.

4

documents, which here are Hutchinson's post-judgment motions. M.R. App. P. 8(g). The appendix also must include the trial court's decision that pertains to the appeal, including a transcript of any part of the decision that is stated orally on the record. M.R. App. P. 8(g)(3)(C). In appeals from certain types of proceedings, the appendix must also include other parts of the record. M.R. App. P. 8(h). Because this is a family matter case where the appeal relates to issues of parental rights, the appendix must include the report of the guardian ad litem, M.R. App. P. 8(h)(6), the existence of which is noted in the court's written order. When an appellant fails to file an appendix altogether or submits an appendix that does not contain all of the mandatory documents, the appellant risks imposition of sanctions, including dismissal of the appeal. M.R. App. P. 8(j); *see Lowd v. Dimoulas*, 2007 ME 61, ¶ 1, 924 A.2d 306 (per curiam) (dismissing an appeal for failure to file "an appendix that permits appellate review"); *State v. Ross*, 2004 ME 12, 841 A.2d 814 (per curiam) (dismissing a criminal appeal because of the failure to file a proper appendix); *Heikkinen*, 477 A.2d at 750 (dismissing the appeal of a criminal defendant because of an incomplete appendix); *see also Your Home, Inc. v. City of Portland*, 432 A.2d 1250, 1254-55 (Me. 1981) (discussing deficiencies of a record in a civil appeal).

[¶7] In addition to an appendix, the appellant must ensure that the record on appeal includes a transcript of all evidence that bears on any finding or conclusion

that the appellant contends is unsupported by the evidence or contrary to the evidence.  M.R. App. P. 5(b)(2)(A).[2]

[¶8]  Here, the appendix filed by Hutchinson includes only the court's written order issued in April 2014; it does not contain any of the other mandatory components of a properly constituted appendix.  Further, the record does not include a transcript of the oral portion of the court's order, and even though Hutchinson appears to challenge the sufficiency of the evidence that led to the court's decision on his motions and argues more expressly that his attorney did not effectively represent him at the hearing, he did not arrange for preparation of a transcript that is necessary to pursue those issues on appeal.

[¶9]  "[C]ompliance with our [R]ules [of Appellate Procedure] is important to the proper functioning of this Court."  *Heikkinen*, 477 A.2d at 750.  It is also important to ensure that *both* parties receive a fair and impartial review by the appellate court.  To allow a party to press an appeal by presenting only those aspects of the record that he wishes the Court to review would preclude a neutral and even-handed analysis by the Court.

---

[2]  An appellant is relieved of the obligation to file a transcript if it is unavailable or if the parties agree to a record on an agreed statement.  M.R. App. P. 5(d), (f).  Also, pursuant to M.R. Civ. P. 91(f)(2), this Court may accept an electronic recording of a proceeding in some circumstances.  Nothing in the limited record before us suggests that a transcript could not have been produced, that the parties agreed to a statement in lieu of a transcript, or that Hutchinson's circumstances were such that he was entitled to an electronic recording.  Therefore, these exceptions to the transcript requirement are inapposite here.

[¶10]   In this case, the omission of important elements of the appendix fundamentally frustrates the purposes of the rules governing appellate procedure and prevents us from evaluating Hutchinson's arguments on appeal in an effective and meaningful way.[3]   Additionally, because Hutchinson did not complete the steps necessary for preparation of a transcript, it is impossible for us to consider his challenges to the court's order on his motions or the claims relating to his attorney's representation of him at the hearing.   Instead, we are left only with a written order that, by its own terms, is incomplete, because the court expressly treated it as a supplement to the verbal order issued in the courtroom at the conclusion of the evidentiary hearing.   This is a wholly inadequate basis for proper appellate consideration of the issues that Hutchinson articulates in his brief.[4]

[¶11]   Because Hutchinson's material failure to comply with the basic requirements applicable to the submission of a proper record and appendix

---

[3] On motion and for good cause, an appellant may be relieved of the requirement to file an appendix. M.R. App. P. 8(k), 14(c).  Hutchinson, however, did not seek to proceed in that way.

[4] The Court's website provides instructions on the necessary contents of the appendix and the record on appeal, and an attachment to the Court's briefing schedule issued in each case describes the basic requirements for the briefs and appendix.   The Court's website also provides references for legal assistance, including the Maine State Bar Association's Lawyer Referral Service, which will provide consultation to any litigant for a modest fee regardless of income.

prevents proper appellate review, we dismiss the appeal without addressing the merits of his arguments.[5] *See Heikkinen*, 477 A.2d at 750.

The entry is:

Appeal dismissed.

---

**On the briefs:**

Flint A. Hutchinson, pro se appellant

Christina A. Bruyere did not file a brief

Springvale District Court docket number FM-2011-464
FOR CLERK REFERENCE ONLY

---

[5] In some cases, when a party has failed to provide a record that is sufficient to allow adequate consideration of an argument on appeal, we have affirmed the judgment on its merits rather than dismissing the appeal. *See, e.g., Ginn v. Kelley Pontiac-Mazda, Inc.*, 2004 ME 1, ¶ 15, 841 A.2d 785. Here, we dismiss the appeal because, in addition to Hutchinson's failure to include a transcript that would be essential to proper appellate consideration of the issues he raises in his brief, the appendix to his brief falls materially short of the requirements established in the applicable Rules of Appellate Procedure.