MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:     2015 ME 126
Docket:       Ken-15-151
Considered:   September 9, 2015
Decided:      September 22, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

ESTATE OF MILDRED D. MACCOMB

PER CURIAM

[¶1]  James A. Richman instituted an appeal of a judgment of the Kennebec County Probate Court (*J. Mitchell, J.*) regarding the probate of the estate of Mildred D. MacComb.  We (*Gorman, J.*) rejected two briefs filed by Richman and dismissed the appeal for want of prosecution.  Richman now seeks "reconsideration"[1] of the order rejecting his second brief and dismissing the appeal. By review of the full Court, the motion for reconsideration is denied.

[¶2]  MacComb died in November of 2010.  A formal testate proceeding concerning her estate was initiated in the Kennebec County Probate Court on December 15, 2010.  After almost five years of litigation, the court issued its final judgment on March 6, 2015.  On March 20, 2015, Attorney Andrews B. Campbell, representing Richman, filed a notice of appeal from that decision.  In May of 2015,

---

[1]  There is no statutory provision or procedural rule that permits reconsideration of the Court's rulings on motions.  Because the motion decision in this case resulted in a dismissal of the appeal, however, the ruling on the motion was considered by the full Court pursuant to M.R. App. P. 10(a), and the dismissal was reviewed by the full Court pursuant to M.R. App. P. 14(b).

2

Attorney Campbell requested and received leave to withdraw, and Attorney Randy L. Robinson entered his appearance on behalf of Richman.

[¶3]  On May 29, 2015, the Clerk of the Law Court issued a briefing schedule that required Attorney Robinson to file the appellant's brief on or before July 21, 2015.  Attorney Robinson filed a document that purported to be his brief on July 17, 2015.

[¶4]  On July 28, 2015, Catherine Gero, an unrepresented appellee, filed a motion asking us to reject the brief because it contained myriad substantial errors. Included among the many errors were inaccurate and misleading citations to the record.  In his opposition to that motion, Attorney Robinson responded:

> Counsel admits errors of form in his brief, largely due to pressure from time constraints resulting from hacking and *destruction of all 2015 files* the week before filing was due which made filing at all a [sic] accomplishment. . . .

> However inartfully presented, counsel submits that the issues presented in this appeal are very important substantive issues for the future of the probate law and that the Arguments presented are persuasive.

> Justice demands form should not be elevated over substance. The Rules of Appellate procedure are to be construed to secure the just, speedy and inexpensive determination of every appeal. M. R. App. P. 1.

By order dated July 30, 2015, we rejected Attorney Robinson's original brief, but we denied Gero's motion to dismiss and granted Attorney Robinson an additional

two weeks within which to file an amended brief "with correct citations to the record."

[¶5] On August 14, 2015, Attorney Robinson filed his amended brief. Gero then filed a motion requesting that we reject the amended brief, which still contained numerous errors, including erroneous record citations. In his opposition to this motion, Attorney Robinson stated:

> Counsel first addresses allegations made by Appellee in ¶ 8 of her Motion to Strike. Appellant concede [sic] still there remain formal errors of citation in his Amended Brief but not through absence of effort or "contumacious" conduct. Nor does Appellant in any sense misunderstand the purposes of a Brief.
>
> Counsel is, however, a one man office without benefit of any secretary or any clerk, or law student, who like many sole practitioners scratches out a living during not the best economic times. Every expense is out of pocket.
>
> If it is not, it should be, apparent that counsel has struggled mightily with the Brief and this Amended Brief, as he double checked for accuracy citations and law as they relate to the body of the Brief, putting too much effort still into substance rather than form, given the Court's Order. Yet, only in writing the Amended Brief did the nub of this case and for rule for decision of this Appeal (in his opinion) present itself like a ray of sun light through clouds and thickets of legal and procedural issues presented by the lower court decision, namely the reasoning and insight of Professor Bradley E. S. Fogel adumbrated in Real Property, Probate and Trust Journal Spring 2007 (42:1), ABA, *The Completely Insane Law of Partial Insanity*, addressed in his Amended Brief, the light of which perhaps blinded counsel temporarily to other shortcomings in his work product. . . .
>
> Appellant has addressed each formal correction Appellee has recommended and provided eight copies of further Errata Sheet to the

extent this may be helpful.

[¶6]  As he admits, Attorney Robinson's amended brief still contains errors he was ordered to resolve in the July 30, 2015, order.  Instead of accepting the opportunity to correct the errors that even he acknowledged, he used the time to chart a different path of analysis for the appeal.  He again provided the Court and the appellee with a document replete with so many errors that no reader is able to evaluate the assertions on appeal.[2]  In failing to correct the errors in his initial brief as directed, Attorney Robinson violated our order of July 30, 2015.  We therefore rejected his amended brief.  *See* M.R. App. P. 9(a), (f).  Further, because both of his briefs had been rejected, we determined that, despite the grant of an extension, Richman failed to file a timely brief; we therefore dismissed the appeal for want of prosecution.  *See* M.R. App. P. 4(c), 7(d).

[¶7]  Richman now asks that we reconsider the rejection of his amended brief and the dismissal of his appeal.  We note that he did not file a corrected brief with his motion for reconsideration.

[¶8]  Attorney Robinson attempts to explain his actions by indicating that he is doing his work "with *very limited* resources."  Although we are sympathetic, we cannot overlook two facts: first, he failed to comply with our order of July 30,

---

[2]  We also note that the document uses citation formats that in no way conform to any accepted citation guide, making it extremely difficult and, in some instances, impossible to find the referenced source.

2015, and second, the document he filed in response to that order requires any reader—be it members of this Court or the appellee—to refer to an eight-page errata sheet in order to even attempt to assess the accuracy, persuasiveness, or merits of his arguments. Moreover, this errata sheet was not even filed until *after* Gero filed a second motion to strike pointing out the errors in his replacement brief.

[¶9] "Compliance with our Rules of Appellate Procedure is important to the proper functioning of this Court." *Hutchinson v. Bruyere*, 2015 ME 16, ¶ 9, 111 A.3d 36 (alterations omitted) (quotation marks omitted). Robinson's references to sole practitioners in the Maine Bar as individuals who cannot be expected to comply with the Rules of Procedure does Maine lawyers a serious disservice. Every day, Maine lawyers, in sole practices, small practices, and other firms, work diligently and successfully to comply with the Rules.

[¶10] Furthermore, Robinson's assertion that the dismissal places form over substance is simply wrong. A failure to comply with the Maine Rules of Appellate Procedure in fact compromises both the appellee's ability to defend against the appeal and our ability to decide it. *See Estate of Everett*, 460 A.2d 1026, 1029 (Me. 1983) (discussing the inadequacies of the appellant's brief as indicating "a cavalier disregard of the responsibilities of counsel and disrespect for the Court"); *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Muncie & Portland*

6

*Traction Co.*, 77 N.E. 941, 942 (Ind. 1906) (stating that "the purpose of a brief is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case to *assist the court in arriving at a just and proper conclusion*" (emphasis added)). Nor can there be any question that counsel must be aware that proper citations to the record and precedent are critical to the presentation of an appeal. We have made it clear that a failure to follow appellate procedural rules will result in the dismissal of an appeal. *See, e.g., Major v. Chiang*, 2015 ME 26, ¶¶ 2-5, 113 A.3d 228 (per curiam); *Hutchinson*, 2015 ME 16, ¶¶ 5-11, 111 A.3d 36; *State v. Dominique*, 2011 ME 18, ¶ 1, 12 A.3d 53 (per curiam); *Lowd v. Dimoulas*, 2007 ME 61, ¶ 1, 924 A.2d 306 (per curiam); *State v. Ross*, 2004 ME 12, ¶ 1, 841 A.2d 814 (per curiam); *McNamara v. Elbthal*, 515 A.2d 747, 749 (Me. 1986); *Estate of Everett*, 460 A.2d at 1029-30; *Freve v. State*, 230 A.2d 230, 230-31 (Me. 1967); *see also Coastal Ventures v. Alsham Plaza, LLC*, 2010 ME 63, ¶ 17 n.5, 1 A.3d 416; *Alley v. Alley*, 2004 ME 8, ¶ 5, 840 A.2d 107 (per curiam).

[¶11] Ultimately, despite being afforded the opportunity to correct his initial brief, and despite a full two-week timeframe to do so, Robinson failed to comply with a direct order from this Court, and the result of his work is a document that is neither accurate nor helpful.

We deny the motion for reconsideration.

**On the motion:**

Randy Robinson, Esq., Augusta, for appellant James Richman

No party filed an opposition

Kennebec County Probate Court docket number 2010-0659-1
FOR CLERK REFERENCE ONLY