2008 ME 153

**CAMP TAKAJO, INC.**

v.

**SIMPLEXGRINNELL, L.P.**

Supreme Judicial Court of Maine.

Argued: April 10, 2008.
Decided: Oct. 7, 2008.

Harold J. Friedman, Esq. (orally), Jonathan Dunitz, Esq., Friedman Gaythwaite Wolf & Leavitt, Portland, ME, for SimplexGrinnell, L.P.

James E. Belleau, Esq., Skelton, Taintor & Abbott, Auburn, ME, Christopher Konzelmann, Esq. (orally), Edward M. Koch, Esq., White and Williams, LLP, Philadelphia, PA, for Camp Takajo, Inc.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] SimplexGrinnell, L.P. appeals from a judgment entered on a jury verdict in the Superior Court (Cumberland County, *Delahanty, J.*) in favor of Camp Takajo, Inc., on the Camp's complaint for negligence, negligent misrepresentation, and breach of contract in connection with fire damage sustained by the Camp. SimplexGrinnell contends that the court erred in excluding from trial, pursuant to M.R. Evid. 403, a portion of the contractual agreement between the parties. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] Camp Takajo owns and operates a summer camp for boys located on Long Lake in Naples.[1] In 1997, the Camp hired SimplexGrinnell, a Delaware limited partnership, to install a fire alarm system in the Camp's dining hall. In the event of a fire, the alarm system was supposed to emit an audible signal as well as transmit an alarm signal to the Naples Dispatch Center. Between 1999 and 2003, SimplexGrinnell also completed annual inspections of the Camp's fire alarm system pursuant to a five-page Life Safety Service Agreement executed between the parties on March 1, 1999.

[¶ 3] In December of 2003, the Camp suffered a fire that destroyed three of its buildings. Some of the critical phone lines, designed to transmit the alarm signal, had been turned off at the conclusion of the camp year, and as a result, the fire alarm system neither emitted the audible signal nor transmitted the alarm signal to local authorities.

[¶ 4] In December of 2004, the Camp filed a complaint against SimplexGrinnell

---

1. The pertinent historical facts are drawn from the trial transcript and the parties' pleadings. Because we remand for a new trial, none of the facts are final for adjudicative purposes.

seeking damages for negligence, negligent misrepresentation, and breach of contract. The parties proceeded with discovery. On February 11, 2005, the Camp requested production of various documents from SimplexGrinnell, including any and all contractual provisions between the parties. The Life Safety Service Agreement was a five-page document containing significant limitations on SimplexGrinnell's liability. One of the contract's pages was a two-sided document. In response to the Camp's discovery requests, however, SimplexGrinnell produced a four-page version of the Service Agreement that did not contain a copy of the back side of the two-sided document, and consequently did not contain any language purporting to limit SimplexGrinnell's liability.

[¶ 5] On July 29, 2005, the Camp served on SimplexGrinnell a supplemental request for the production of documents, seeking any further documentation of the contract between the parties. In its October 25, 2005, response, SimplexGrinnell produced no further documents, and instead referred the Camp to the documents it had already produced. In December of 2005, the parties engaged in unsuccessful mediation.

[¶ 6] One month later, in January of 2006, SimplexGrinnell realized that it had not produced the second side of the two-sided document. It produced the omitted page to the Camp on January 13, 2006. The omitted page outlined the "Terms and Conditions" of the Service Agreement, and contained various exclusions on SimplexGrinnell's liability that could apply to the Camp's claims. The discovery deadline was three weeks later, on February 6, 2006. The Camp undertook several more depositions of SimplexGrinnell's employees between the time that the omitted page was produced and the close of discovery.

[¶ 7] Following the close of discovery, SimplexGrinnell moved for summary judgment as to all claims, based in large part on the liability exclusion provisions contained in the omitted page of the Service Agreement. The Camp opposed SimplexGrinnell's motion, filed its own motion for summary judgment, and sought, through a motion in limine, to exclude the omitted page from the summary judgment record as a discovery sanction for its delayed disclosure pursuant to M.R. Civ. P. 37(d). The Camp did not allege, however, that the omitted page of the Service Agreement was not a part of its contract with SimplexGrinnell.

[¶ 8] The court declined to apply discovery Rule 37(d) to strike the omitted page from the summary judgment record. Noting that discovery did not close until February 6, 2006, the court found: "Although [SimplexGrinnell] no doubt produced the document at an inconvenient time for the Camp, [SimplexGrinnell] simply did not fail to comply with the discovery request." The court also indicated that the contractual provisions on the page at issue "would prevent the plaintiff's action."

[¶ 9] The court nevertheless determined that it must exclude the omitted page from the summary judgment record because the page was evidence that "*may not* be admissible at trial." Both parties' motions for summary judgment were denied.

[¶ 10] In response to the court's previous reference to the possible inadmissibility of the omitted page at trial, the Camp filed a second motion in limine asking the court to exclude the omitted page from admission at trial. That motion was filed in January of 2007. In February of 2007, the court entered an order excluding the omitted page. The court noted again that the omitted page had been delivered be-

fore the end of the discovery period, and thus the court did not exclude the omitted page as a discovery sanction. Rather, referring to the Camp's reliance on Rule 403, the court apparently relied on Rule 403 to exclude the omitted page.

[¶ 11] The court conducted a jury trial in February of 2007, during which the omitted page was never presented to the jury. The jury found negligence on the part of SimplexGrinnell and awarded the Camp $2,700,000 in damages. The court denied SimplexGrinnell's subsequent motion to amend the judgment or for a new trial, and SimplexGrinnell appealed.

## II. DISCUSSION

[¶ 12] SimplexGrinnell's primary contention is that the trial court, having concluded that no discovery sanction was warranted, erred in relying on the rules of evidence to exclude from admission at trial the omitted page of the Service Agreement. We address herein the interplay between a potential discovery sanction based in part on a determination of prejudice to a party pursuant to M.R. Civ. P. 37(b), and the exclusion of evidence based on a balancing of the probative value of the evidence against the potential for unfair prejudice pursuant to M.R. Evid. 403. Although both considerations require an analysis of "prejudice," and may therefore be confused to address the same concept, the term is used quite differently in the context of the two rules.

### A. Prejudice Relating to Potential Discovery Sanctions

[¶ 13] If, during the discovery phase of a civil matter, one party withholds evidence, delays the designation of witnesses or experts, or otherwise fails to comply with discovery rules or orders, the opposing party may be unfairly restricted, or "prejudiced," in its ability to prepare for trial. When a party has engaged in discovery conduct that prejudices the opposing party in this fashion, the trial court has substantial latitude in fashioning a sanction that addresses that error or misconduct. *See* M.R. Civ. P. 37(b). Prejudice in this context addresses the opposing party's ability to fairly *respond* to evidence that has been, or will be, advanced by another party. The sanction for such prejudice will be crafted to address the nature of the impediments to the opposing party's ability to respond to the evidence, and may include extension of the discovery period, a continuance of a trial, monetary sanctions, or other remedies. In some instances, the sanction may include exclusion of the withheld or delayed items.

### B. Prejudice Relating to the Nature of the Evidence Offered

[¶ 14] In contrast, unfair prejudice in the context of an evidentiary ruling pursuant to Rule 403[2] refers to "an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one." *State v. Hurd,* 360 A.2d 525, 527 n. 5 (Me.1976) (quotation marks omitted). The term "prejudice," as used in Rule 403, "means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions...." *Id.* (quotation marks omitted). Unfairly prejudicial evidence is

2. Maine Rule of Evidence 403 provides, in its entirety: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In the matter before us, the court addressed only the "unfair prejudice" prong of the balancing contemplated by Rule 403, and thus we do not address the other prongs of Rule 403.

evidence that has the potential to cause fact-finders to make findings based on something other than the facts in the case. It has been described as evidence that "arouses the [fact-finder's] sympathy or antipathy to a party, provokes its instinct to punish, horrifies it, or evokes some other human reaction." Field & Murray, *Maine Evidence* § 403.1 at 108 (6th ed. 2007).

[¶ 15] Thus it is the specific *nature* of the evidence that informs the trial court when it balances the relevance against the potential unfair prejudice of that evidence pursuant to Rule 403. In the application of discovery procedures, specifically M.R. Civ. P. 37(b), however, it is the opposing party's *capacity to respond* to the evidence that creates the prejudice relevant to the court's exercise of discretion in entertaining a motion for a discovery sanction. These distinctions are critical. Prejudice in the context of unfair surprise during the course of discovery is simply not, standing alone, grounds for the exclusion of evidence pursuant to Rule 403. *State v. Giovanini*, 567 A.2d 1345, 1346 (Me.1989); *Pettitt v. Lizotte*, 454 A.2d 329, 332 (Me.1982). We turn then to the matter before us.

### C. Application of the Rules to the Matter Before Us

[¶ 16] We review trial court decisions regarding both the Rule 403 balancing and decisions regarding discovery sanctions pursuant to M.R. Civ. P. 37(b) for an abuse of discretion. *Anderson v. O'Rourke*, 2008 ME 42, ¶ 14, 942 A.2d 680, 684; *Harris v. Soley*, 2000 ME 150, ¶¶ 9–11, 756 A.2d 499, 504–05. We will afford the trial court considerable discretion in determining whether the danger of unfair prejudice substantially outweighs the value of relevant evidence pursuant to M.R. Evid. 403. *Anderson*, 2008 ME 42, ¶ 14,

942 A.2d at 684. Thus, once the evidence has been determined to be relevant, the court's admission or exclusion of that evidence at trial pursuant to the unfair prejudice prong of Rule 403 is reviewed for an abuse of that discretion. *Id.* Similarly, we review a trial court's determination regarding the need for and type of sanction related to a discovery violation for an abuse of discretion. *Harris*, 2000 ME 150, ¶ 9, 756 A.2d at 504.

[¶ 17] The trial court here first considered SimplexGrinnell's delay in producing the omitted page as a discovery issue pursuant to M.R. Civ. P. 37. It concluded that no discovery violation existed and that, to the extent there was delay in the production of the omitted page, no sanctions were warranted. These conclusions are supported factually by the record, and fall well within the court's discretion, to the extent that a discovery violation existed at all.

[¶ 18] In this portion of the analysis, the timeline of events is informative. After responding to the Camp's initial discovery requests in a timely but incomplete manner, SimplexGrinnell produced the omitted page in January of 2006, prior to the discovery deadline of February 6, 2006. The court found that the omitted page was produced within the discovery deadline and that no bad faith was at issue. The Camp did not seek additional time within which to review the omitted page and did not file its first motion to exclude it until March 20, 2006, six weeks after the discovery deadline and more than two months after it received the omitted page from SimplexGrinnell. Moreover, the Camp was able to depose several of SimplexGrinnell's employees after the omitted page was produced and before discovery closed. The trial in this matter did not occur until February of 2007, more than a year after SimplexGrinnell produced the omitted

page. The Camp thus had ample time to alter its trial strategy in light of the provisions detailed in the omitted page.

[¶ 19] Considering these facts, we do not disturb the court's determination that SimplexGrinnell committed no discovery violation warranting exclusion of the omitted page from the record, and the court did not abuse its discretion when it declined to exclude the omitted page as a sanction for the delayed delivery of discovery.

[¶ 20] Turning then to the treatment of the omitted page as an evidentiary issue, there is no indication in the record that admission of the omitted page at trial would have encouraged a fact-finder to decide the matter on any improper basis. The page was highly relevant in that it detailed a portion of the very agreement between the parties upon which the Camp based its action against SimplexGrinnell, and the Camp does not dispute that the omitted page was relevant. Although the Camp argues that admission of the omitted page would have resulted in a "sea change in litigation strategy" and would have left the Camp "unable to meaningfully ... address the evidence," these contentions of prejudice do not address themselves to the unfair prejudice contemplated by Rule 403 because the contentions are not related to the nature of the evidence, but rather indicate an assertion of unfair surprise as a matter of delayed discovery.

[¶ 21] The page was simply not, in the context of Rule 403, unfairly prejudicial; it had no tendency to encourage the jury to decide the matter on any improper basis. In short, the court improperly converted the problem of the late delivery of the

omitted page from an issue of discovery to one of evidentiary admissibility. Because the page was relevant and was not prejudicial pursuant to Rule 403, its probative value could not be outweighed by the non-existent prejudice. Thus, no exercise of discretion was called for, and the court erred as a matter of law when it excluded the page from admission at trial by relying on M.R. Evid. 403. Finally, the content of the omitted page was pivotal to the question of SimplexGrinnell's liability. The error cannot be considered harmless.

[¶ 22] We must therefore vacate the court's judgment in favor of the Camp and remand the matter to the Superior Court to allow the admission and consideration of the omitted page in further proceedings.[3]

The entry is:

Judgment vacated and remanded to the Superior Court for further proceedings consistent with this opinion.

---

**3.** Although the court previously indicated that the admissibility of the contractual provisions at issue would be dispositive of the Camp's claims, it did so in a context in which it assumed that the page would not be admitted. We therefore do not determine whether judgment should be entered in favor of SimplexGrinnell, and we leave the determination regarding the viability of the Camp's claims to further process in the trial court.