MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 107
Docket:       Cum-16-477
Submitted
  On Briefs:  April 27, 2017
Decided:      June 1, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

MIKA H. LENTZ

v.

NATHANIEL A. LENTZ

ALEXANDER, J.

[¶1]  Nathaniel A. Lentz appeals from the entry of a divorce judgment in the District Court (Portland, *Darvin, J.*) on a complaint filed by Mika H. Lentz and from a sanctions order (*Eggert, J.*).  Nathaniel argues that the motion court abused its discretion when it sanctioned him for disregarding his discovery obligations, which, he alleges, resulted in an unjust division of property after the divorce hearing.  Mika filed a motion for sanctions with us contending that Nathaniel's filings on appeal violate the Maine Rules of Appellate Procedure. We affirm the judgment and decline to issue sanctions.

## I. CASE HISTORY

[¶2]  Nathaniel and Mika were married in August 2002.  Shortly before the marriage, Nathaniel partnered with his mother to form Timshel, LLC, which owns rental property located on Vesper Street in Portland.

[¶3]  On May 26, 2015, Mika filed a complaint for divorce in the District Court.  After several pretrial motions, hearings, and a mediation session, a family law magistrate (*Cadwallader, M.*) held a status conference on September 15, 2015, and noted in an order that the parties planned to engage in discovery regarding the business entity and that "[Nathaniel] believes that there is a marital aspect in [its] increased value."  Two weeks later, Mika served Nathaniel with interrogatories and a request to produce documents.

[¶4]  On October 14, 2015, Nathaniel provided Mika with an accounting of mortgage payments made by Timshel, LLC, from August 2002 to May 2004 on the Vesper Street property.  The next day, the magistrate held another status conference and noted that discovery was "ongoing" and "shall be completed" by November 15, 2015.  The case was referred to the trailing docket.

[¶5]  In December 2015, Mika filed a letter with the clerk of the court requesting a telephonic discovery conference pursuant to M.R. Civ. P. 26(g).

The letter documented Mika's attempts to engage in discovery, including a deadline extension to November 20, a status update letter on December 3, and a telephonic conference between the parties on December 14. She reported that she had not received any responses or objections to her requests and that the parties' discovery dispute was unresolved.

[¶6] On January 20, 2016, while Mika's request for the Rule 26(g) conference was pending, Nathaniel filed his financial statement pursuant to M.R. Civ. P. 108(c).[1] He also served Mika with responses to her interrogatories and document requests. Nathaniel's responses to inquiries about Timshel, LLC, referred to his financial statement and to attached deeds and to documents that had been "filed with the State of Maine for which the Defendant is listed as a member of the LLC." Nathaniel objected to most of the requests regarding Timshel, LLC's, finances as "overbroad and unduly burdensome" and/or "irrelevant and not likely to produce admissible evidence."

---

[1] The rule required Nathaniel to have filed this "within 21 days of the Family Division Scheduling Order or before mediation, whichever is earlier." M.R. Civ. P. 108(c) (Tower 2015). Therefore, his financial statement should have been filed no later than September 25, 2015, the date of the first mediation. Rule 108(c) has since been amended, effective July 29, 2016.

4

[¶7]   A magistrate (*Najarian, M.*) held the Rule 26(g) conference on February 24, 2016.[2]  On March 3, 2016, the magistrate issued a detailed order directing Nathaniel to answer the interrogatories and respond to the document requests.  The magistrate also ordered Nathaniel to pay Mika's attorney fees "to deter any future discovery disputes" and warned that a "[f]ailure to respond timely may lead to further sanctions."

[¶8]   On April 11, 2016, Mika filed a motion for sanctions based on Nathaniel's continued noncompliance with discovery requests and orders.  The court (*Eggert, J.*) held a hearing on the motion on May 18, 2016.  Nathaniel argued that he had produced "sufficient information" and that the court's March 3 order did not contain a deadline by which he had to comply.  He requested additional time to respond.  Mika argued that Nathaniel had had eight months to produce the discovery and that

> [t]he only thing that has been received today, Your Honor, is the 2013 and 2014 Timshel[] tax returns [and] one warranty deed . . . Not one of the interrogatories that I've requested has been answered.  There has been no other financial documentation to deal with Timshel[] to which he is a named owner.  There has been no documentation provided as to the property at 96 Vesper which has gone in and out of Timshel[] during the marriage.  At

---

[2]   The M.R. Civ. P. 26(g) conference was originally scheduled for consideration during a January 25, 2016, settlement conference, but had to be continued due to a lack of time.  During the settlement conference, however, the family law magistrate (*Najarian, M.*) determined that, based on the parties' arguments, documents related to Timshel, LLC, going forward from 2014 were discoverable.

one point it was in Mr. Lentz's name personally.  No information on that whatsoever, Your Honor.

[¶9]  The court found that Nathaniel had "largely not complied with the [discovery] order," the matter had already been delayed for failure to comply with the magistrate's order,[3] and Mika was unable to determine the status and value of certain assets without the discovery.  The court granted Mika's motion and ordered that the following facts were established:

> 1.  The property located at 96 Vesper Street in Portland, Maine, is entirely marital.  The Defendant is precluded from offering any evidence to rebut this finding.
>
> 2.  Any property held by any LLC, including Timshel, LLC, in which the Defendant is or was a member during the marriage has a marital component consisting of the increase in value of said property which occurred during the marriage.  The Defendant is precluded from introducing any evidence to rebut this finding.
>
> 3.   All the rental properties held by any LLC in which the Defendant is or was a member during the marriage were filled to capacity and the rental amount for each unit shall be determined to be the city average with respect to the size and location of the property.   The Defendant is precluded from introducing any evidence to rebut this finding.

The court deferred ordering attorney fees until the final hearing.  Nathaniel did not file a motion for further findings of fact or conclusions of law.  *See* M.R. Civ. P. 52.

---

3  The docket sheets indicate that final hearings were previously scheduled for—but not held on—January 4, 2016; February 1, 2016; March 1, 2016; and May 2, 2016.

[¶10]  One day before the final hearing, Nathaniel filed a motion for relief from the sanctions order pursuant to M.R. Civ. P. 60(b) and attached an affidavit from his mother.  Nathaniel alleged, for the first time, that he did not have access to the requested documents from February 2016 to May 2016 because they were under the control of his mother who had been sailing off the coasts of the Bahamas and Turks and Caicos Islands.  Nathaniel's filing provided no explanation for his repeated failures to provide required discovery prior to February 2016 or for his failure to raise the alleged unavailability of documents prior to or during the May sanctions hearing.

[¶11]  The court (*Darvin, J.*) denied the Rule 60(b) motion at the final divorce hearing, which was held on June 3 and 7, 2016.  At the hearing, the court concluded that the sanctions order addressed only the marital status of the property, and, therefore, testimony regarding the contributions of the parties—to the extent that the testimony was based on information provided in discovery—would be considered by the court in its division of property.

[¶12]  By judgment entered September 23, 2016, the court granted the divorce and divided the marital property, awarding the entire marital interest in the Vesper Street property and Timshel, LLC, a value of $450,000, to Nathaniel.  Based on its determination that Mika should be awarded sixty-five

percent of the overall value of the marital property, Nathaniel was ordered to pay Mika a "property settlement or equalization payment" in the amount of $150,623. Nathaniel did not file a motion for further findings of fact or conclusions of law but filed a timely notice of appeal. *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2(b)(3); M.R. Civ. P. 52.

[¶13] On February 24, 2017, Mika filed a motion for sanctions with this Court, contending that Nathaniel submitted, in violation of the Maine Rules of Appellate Procedure, an improper appendix and a reply brief containing arguments that are not supported by the record. *See* M.R. App. P. 8(c)(5), 13(f). This Court (*Gorman, J.*) ordered that the motion would be considered with the merits of the appeal.

## II. LEGAL ANALYSIS

A.     District Court Sanctions Order

[¶14] Nathaniel argues that the motion court abused its discretion when it sanctioned him for repeated disregard of his discovery obligations. He contends that the court imposed "the most severe sanction" and that it was "neither just nor specifically related to Mika's claim of a marital interest in the property."

[¶15]  Pursuant to M.R. Civ. P. 37(b), the trial court has broad discretion to sanction a party for withholding evidence, delaying the production of evidence, or failing to comply with discovery orders, including an order made pursuant to Rule 26(g).  *See Camp Takajo, Inc. v. SimplexGrinnell, L.P.*, 2008 ME 153, ¶ 13, 957 A.2d 68.  A court may issue a discovery sanctions order designating facts as established for the purposes of the action being litigated or prohibiting a party from introducing designated matters into evidence.  M.R. Civ. P. 37(b)(2)(A)-(B).

[¶16]  When determining the appropriate sanction, "the court should take into account the purpose of the specific rule at issue, the party's conduct throughout the proceedings, the party's *bona fides* in its failure to comply, prejudice to other parties, and the need for the orderly administration of justice."  *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 17, 743 A.2d 237.  "Because the trial court must weigh these factors and is in a unique position to understand the effects of the failure to comply, both general and specific, we review the court's decisions to impose sanctions for abuse of discretion."  *Id.*; *see Harris v. Soley*, 2000 ME 150, ¶ 11, 756 A.2d 499 (concluding that an abuse of discretion in a discovery sanctions order may be demonstrated only when the court makes a "serious mistake" in weighing the applicable factors).

[¶17]  Early in the divorce proceedings, Nathaniel acknowledged that Timshel, LLC, contained a marital component in the increased value of the property.    However, between September 2015, when Mika requested discovery about Timshel, LLC, and May 2016, when the sanctions hearing was held, Nathaniel repeatedly failed to adequately respond to Mika's discovery requests.  The court's earlier discovery orders did not deter Nathaniel, who continued to disregard the court's orders and offer excuses that the court was entitled to find were unavailing.

[¶18]  As the magistrate noted in a March 3 order, "the exchange of financial information is a vital part of most divorce proceedings."  *See Harris*, 2000 ME 150, ¶ 16 n.13, 756 A.2d 499 ("Liberal discovery is one of the principal devices available to effectuate the purpose of the Maine Rules of Civil Procedure 'to secure the just, speedy and inexpensive determination of every action.'").  Mika had no other means to procure the requested information, she was unable to determine the marital component of a considerable asset without the discovery, and she was denied a timely final divorce hearing due to the delays caused by Nathaniel.  On this record, Nathaniel has failed to demonstrate that the court made a "serious mistake" in weighing these factors.  We conclude that the motion court did not abuse its discretion in the

sanctions it imposed for Nathaniel's repeated failures to provide necessary discovery. *See Harshman v. Harshman*, 2017 ME 60, ¶¶ 17-18, --- A.3d ---; *Harris*, 2000 ME 150, ¶ 11, 756 A.2d 499.

B.      Motion for Sanctions Before the Law Court

[¶19]  Mika contends that Nathaniel improperly included documents in the appendix that either were not proffered or were specifically excluded by the trial court and that Nathaniel made unsupported arguments in his reply brief in violation of the Rules of Appellate Procedure.

[¶20]  Maine Rule of Appellate Procedure 8(c)(2) provides that "[t]he appendix shall not include any documents that are not a part of the trial court file."  We may impose sanctions against a party on appeal who submits an appendix that is not prepared in accordance with the rules.  M.R. App. P. 8(c)(5).  "Compliance with our Rules of Appellate Procedure is important to the proper functioning of this Court."  *Hutchinson v. Bruyere*, 2015 ME 16, ¶ 9, 111 A.3d 36 (alterations omitted).

[¶21]  Nathaniel's inclusion in the appendix of tax documents that the trial court specifically excluded pursuant to the sanctions order that is the subject of this appeal is not such an apparent violation of Rule 8 that it

"frustrates the purposes of the rules governing appellate procedure." *See id*

¶ 10*.* Under the circumstances, the motion for sanctions is denied.

The entry is:

Judgment affirmed.

---

Henry I. Shanoski, Esq., Henry I. Shanoski, LLC, Portland, for appellant Nathaniel A. Lentz

David J. Bobrow, Esq., Bedard and Bobrow, PC, Eliot, for appellee Mika H. Lentz

Portland District Court docket number FM-2015-479
FOR CLERK REFERENCE ONLY