STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-137

MARC G. LOWENBERG, D.D.S. &
GREGG LITUCHY, D.D.S., P.C., et. al.

Plaintiffs,

v.

PATRICIA LEIGHTON

Defendant

ORDER ON MOTION FOR
SANCTIONS

STATE OF MAINE
Cumberland. ss. Clerk's Office

OCT 2 6 2020

RECEIVED

The matter before the court is Defendant Patricia Leighton's ("Leighton") motion for sanctions against Defendants Marc G. Lowenberg, D.D.S. & Gregg Lituchy, D.D.S., P.C. ("LLPC"), Marc Lowenberg ("Lowenberg"), Gregg Lituchy ("Lituchy") and Brian Kantor ("Kantor") for failure to produce documents pursuant to this courts' previous order. For the following reasons, the motion is granted.

Background

This case stems from a dispute over dental services performed in New York in 2006. (Pl.'s Compl. ¶ 14.) Leighton was dissatisfied with the work she received and filed a malpractice case against LLPC and the individual defendants in late 2008. (Pl.'s Compl. ¶ 19.) This malpractice case is still pending. (Pl.'s Compl. ¶ 20.) At some point in 2017, LLPC and the individual plaintiffs became aware that Leighton had sent letters to other dentists and professionals complaining about their work. (Pl.'s Compl. ¶ 21.) In April 2019, this defamation action was filed in Maine seeking $5 million in damages and $1 million in punitive damages. (Def.'s Mot. Sanctions at 2.)

1

On September 17, 2019, Leighton issued requests for production and interrogatories to each of the Plaintiffs. Three plaintiffs did not produce any documents or respond in any way to the requests for production. (Def.'s Mot. Sanctions at 2.) All interrogatory responses were unsworn. *Id.* On December 23, 2019, Leighton requested a discovery conference pursuant to M.R. Civ. P. 26(g) to resolve these issues. *Id.*

After hearing from the parties, this court ordered the Plaintiffs to provide signed responses to interrogatories and responses to requests for production within 45 days. With respect to 15 of the requests for production and 29 interrogatories, this court ordered the Plaintiffs to make complete responses and production within the deadline. This order was entered on February 13, 2020. On May 5, 2020, Plaintiffs filed a joint motion to stay and extend the deadlines by no less than 60 days. In light of the Supreme Judicial Court's Pandemic Management Order, this court allowed Plaintiffs additional time to produce documents and supply signed answers to interrogatories. The Plaintiffs' motion for stay was denied, but the court gave Plaintiffs until July 16, 2020, to produce the complete responses and production ordered on February 13, 2020. This court warned the Plaintiffs that "should [they] fail to respond to the discovery requests by July 16, 2020 . . . or otherwise fail to comply with either this order or the February 13, 2020 discovery order, Defendant may move for sanctions pursuant to M.R. Civ. P. 37." Order at 2 (July 2, 2020.)

On July 16, at 6:59 PM, Plaintiffs emailed certain responses to Leighton's written discovery requests. (Def.'s Mot. Sanctions at 3.) Lowenberg, Lituchy, and LLPC did not respond to the requested production of documents. *Id.* None of the interrogatory responses were sworn, they were merely accompanied by an assurance that properly sworn copies would be forwarded once received. *Id.* At present, no signed or notarized copies have been received by Leighton. *Id.*

2

The only Plaintiff to produce any kind of response to the requests the court ordered the Plaintiffs to fully respond to was Kantor. He produced no additional documents, but provided new grounds for not producing them. In the prior order, this court overruled Kantor's objections as to certain requests for production, his supplemental response claims he does not have any documents responsive to them. (Def.'s Mot. Sanction ¶ 4.) With respect to one request that this court ordered him to produce, he merely claims that he does not know where the relevant documents are. *Id.* With respect to other documents he was ordered to produce that Kantor previously stated were currently unavailable, he now states that all relevant documents responsive to the request were provided to Leighton in the New York lawsuit. *Id.* Kantor also claims that expert witnesses were disclosed to Leighton in the New York litigation, even though no experts have been designated in this case. (Def.'s Mot. Sanctions ¶ 5.)

Leighton filed this motion for sanctions on August 6, 2020, arguing that Plaintiffs' court ordered responses were inadequate, incomplete, and wholesale absent in many cases. She requests dismissal with prejudice as a sanction. (Def.'s Mot. Sanctions at 8.) On August 26, 2020, Plaintiffs jointly filed a single page response to the motion, flatly denying that they failed to follow this court's order and asserting that any perceived inadequacies can be addressed through depositions. (Pl.'s Opp. at 1.) Leighton responded on the same day, noting that Plaintiffs failed to address any of the specific arguments in her motion.

Standard

To begin with, the Law Court has emphasized the importance of compliance with discovery rules-liberal discovery is one of the ways to achieve the just, speedy and inexpensive determination of every action, and conduct that frustrates the beneficent purpose of discovery orders must be appropriately penalized. *Employee Staffing of Am. v. Travelers Ins. Co.*, 674 A.2d

3

506, 508 (Me. 1996). Pursuant to M.R. Civ. P. 37(b), "the trial court has broad discretion to sanction a party for withholding evidence, delaying the production of evidence, or failing to comply with discovery orders, including an order made pursuant to Rule 26(g)." *Lentz v. Lentz*, 2017 ME 107, ¶ 15, 163 A.3d 122. Sanctions for failure to comply with a court's order may range from striking pleadings, refusing to allow certain facts into evidence, all the way to dismissal. M.R. Civ. P. 37(b)(2).

When crafting a discovery sanction, a court considers a number of factors, including "the purpose of the specific rule at issue, the party's conduct throughout the proceedings, the party's bona fides in its failure to comply, prejudice to the other parties, and the need for the orderly administration of justice." *Harris v. Soley*, 2000 ME 150, ¶ 10, 756 A.2d 499. "The court must also consider the purposes to be served by imposing sanctions, including penalizing the noncompliant party, remedying the effects of the noncompliance, and deterring similar conduct by the offending party, as well as others." *Id.*

Outright dismissal of a claim is a drastic action. Accordingly, the law court has advised trial courts to exercise caution when sanctioning a party with dismissal with prejudice. Such a sanction is normally imposed in cases with "serious instances of non-compliance with pretrial procedures." *Pelletier v. Pathiraja*, 519 A.2d 187, 190 (Me. 1986). The court need not find "willfulness, bad faith, or fault of the party to justify the imposition of the dismissal sanction." *Id.* at 189-90.

Analysis

That Plaintiffs have failed to follow the court's July 2, 2020, order is not seriously in dispute. Despite Plaintiffs' conclusory assertions that they have provided all responsive documents and submitted responses to Leighton's interrogatories, these responses are riddled

4

with inadequacies and flagrant violations of basic requirements of the court's order. The court ordered Plaintiffs to provide complete responses to interrogatories in February and has given them ample time to do so. Instead, Plaintiffs continue to evade them. For example, in response to Leighton's interrogatory asking Plaintiffs to specify which of Leighton's statements are false *and a statement of facts relied upon in support of this contention*, all Plaintiffs provide a threadbare recitation of the statements they allege are false, apparently copied directly from their complaint. (Def.'s Ex. A.) The Plaintiffs' responses are riddled with such inadequacies and hardly comply with this court's order that they provide complete responses.

The court ordered Plaintiffs to produce documents responsive to several requests. Plaintiffs have not produced a single additional document. Instead, they have simply offered new explanations for why they cannot or do not have to. Some requests they previously objected to they now claim to have no documents responsive to the request. Others they claim they do not have to provide because they produced the relevant documents to Leighton in the New York litigation. This is not what the court ordered. Plaintiffs were ordered to produce documents responsive to these requests, not engage in further evasive behavior or foist the responsibility onto Leighton.

Finally, Plaintiff's answers are *still* unsigned and unnotarized. The court specifically ordered Plaintiffs to submit signed and notarized interrogatory responses in its February order. Plaintiffs do not even attempt to claim otherwise in their response. In light of the Plaintiffs' flagrant disregard for the court's discovery orders, sanctions are clearly warranted under Rule 37.

The court now turns to the issue of what sanction is appropriate. The Plaintiffs' conduct throughout the proceedings has been, in a word, poor. As noted above, they have repeatedly avoided providing basic answers to matters central to the case and have done little to supplement

5

their responses when ordered to by this court. Plaintiffs' repeated evasiveness and disregard for court orders weighs in favor of a heavy sanction.

As for their bona fides, the Plaintiff's opposition clearly demonstrates that they have none. Instead of explaining their repeated inadequacies and failure to even sign their responses, they assert that they have done what this court required of them and that it is on Leighton to prove further if she still wishes to. Not only does this reply indicate a lack of recognition of their conduct, it indicates that Plaintiffs have no intention of supplementing their responses further, even when those responses remain incomplete and unsigned. In light of the near total absence of a bona fide reason for noncompliance, a heavy sanction is warranted.

Leighton has been heavily prejudiced by Plaintiffs' conduct in this case. She still has not noticed depositions on Plaintiffs' witnesses because she lacks complete answers to many important interrogatories. Their refusal to produce crucial documents or even answer basic interrogatories central to the case have hamstrung her ability to develop a defense. Therefore, this factor also weighs in favor of heavy sanctions.

The orderly administration of justice is ill-served by allowing parties to disregard court deadlines. For cases to proceed in an orderly fashion towards an adjudication on the merits, parties must have faith in and abide by the court's orders on discovery disputes. Allowing a party to flagrantly disregard such orders as the Plaintiffs do here would serve only to undermine this process. Heavy sanctions are thus appropriate.

Having determined that heavy sanctions are appropriate, the court turns to whether dismissal is appropriate, or whether the purposes of imposing sanctions can be served with a lesser sanction. It is clear from the above that Plaintiffs' behavior warrants a heavy penalty, both in its own right and to deter similar behavior from other litigants. This court has already issued

6

an ultimatum, and warned Plaintiffs that they would be subject to a motion for sanctions if they did not comply. Issuing a second ultimatum would only serve to undermine the efficacy of similar ultimatums in the future. And the trial court is not required to warn a party that noncompliance with discovery rules could result in entry of default judgment because Rule 37 provides ample warning. *Estate of Hoch v. Stifel*, 2011 ME 24, ¶ 33, 16 A.3d 137. Plaintiffs have shown no willingness to comply with discovery orders or produce more documents. To impose an effective sanction, then, the court would at least have to exclude the evidence that Plaintiffs have failed to produce, which includes the factual basis for their claim that Leighton's alleged defamatory statements are false. This would be tantamount to dismissal. Given that Plaintiffs' conduct is particularly egregious and no lesser sanction would be effective, dismissal is the appropriate sanction here.

Imposing a dismissal with prejudice sanction here is consistent with case law. In *Employee Staffing of Am. V. Travelers Ins. Co.*, the Law Court upheld a dismissal sanction where a party engaged in similar evasive behavior, delaying answers and claiming that they had no access to the relevant information, repeatedly failing to file complete or signed responses and assuring that complete responses would be forthcoming and never following through. 674 A.2d 506, 509 (Me. 1996). The Law Court has also upheld a dismissal where a plaintiff refused to comply with a pre-trial order with 10 months to do so. *Lerman v. Portland*, 406 A.2d 903, 904 (Me. 1979). 8 months have elapsed since this court's February order.

After careful consideration of the facts of this case, dismissal with prejudice is the appropriate sanction.

7

The entry is

Defendant Patricia Leighton's Motion for Sanctions is GRANTED. Plaintiffs Marc G. Lowenberg, D.D.S. & Gregg Lituchy, D.D.S., P.C., Marc Lowenberg, Gregg Lituchy and Brian Kantor's Complaint is DISMISSED WITH PREJUDICE.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: _____, 2020

_____
Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 10/28/2020

8