STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO.


CHARLES ROBERTS
*et. al.*


v.                                                ORDER

MECAP, LLC *et. al.*

Before the court is Plaintiffs' Motion for Sanctions. Specifically, Plaintiffs seek a Default Judgment for Defendants' failure to comply with a court order requiring responses to discovery. For the reasons stated herein, the court grants the motion in part.

The Plaintiffs allege that they were friends and business associates of Defendant Scott LaLumiere. The Plaintiffs are not in the business of borrowing money. Lalumiere approached the Plaintiffs and asked for a loan for his business MECAP, LLC. Plaintiffs loaned him $105,000. Lalumiere executed a promissory note on behalf of MECAP and a personal guaranty. Plaintiffs also allege that Lalumiere defrauded Plaintiffs by telling them he would record the security at the Registry of Deeds and by representing to them that he would repay the loan.

Plaintiffs served discovery requests on Defendants in May, 2020. Defendants have never responded. MECAP is no longer functioning. Lalumiere has not provided a serious explanation for his failure to respond to discovery. After a Rule 26(g) conference, the court entered an order on April 6 requiring that Defendants produce discovery and specifically noting that the Plaintiffs could seek sanctions pursuant to Rule 37 in the event they failed to comply. Defendants concede they have not complied.

1

The trial court has broad discretion to sanction a party for failing to comply with discovery orders, including an order made pursuant to Rule 26(g). *Lentz v. Lentz*, 2017 ME 107, ¶ 15; M.R. Civ. P. 37(b)(2). The factors that the court must consider:

> include, but are not limited to, the purpose of the specific rule at issue, the party's conduct throughout the proceedings, the party's bona fides in its failure to comply, prejudice to other parties, and the need for the orderly administration of justice. The court must also consider the purposes to be served by imposing sanctions, including penalizing the noncompliant party, remedying the effects of the noncompliance, and deterring similar conduct by the offending party, as well as by others.

*Harris v. Soley*, 2000 ME 150, ¶ 10 (citations and quotations omitted).

A court may issue a discovery sanctions order designating facts as established for the purposes of the action being litigated or prohibiting a party from introducing designated matters into evidence. M.R.Civ.P. 37(b)(2). "Serious instances of noncompliance with pretrial procedures can support a trial court's determination that the ultimate sanction of dismissal or default is the appropriate sanction." *Harris v. Soley*, 2000 ME 150, ¶ 9. *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 20 (rule violation must be sufficiently egregious to warrant dismissal). The court should, however, keep in mind the constitutional implications of a default. *Harris*, ¶9.

Here, Defendants have ignored the rules requiring discovery as well as a court order requiring that discovery be produced. MECAP may be dissolved but Defendant Lalumiere certainly has the ability to make an effort to comply with discovery or at least offer a formal explanation of why he cannot. He chooses to ignore the requirements of the court.

With respect to Counts One and Two, the Defendants do not contest the allegations. A default is entered. If the Plaintiffs file a motion for a default judgment with an affidavit identifying the amount owed, the Defendants will have 10 days to contest the amount by

2

affidavit. If no response, the court will enter a default judgment, subject to Rule 54(b), in the amount owed.

With respect to Counts III and IV, default would also be the appropriate remedy given the Defendants' total disregard for their discovery obligations. Nevertheless, to address concerns that the Defendants have not had sufficient notice of the potential implications of continuing to ignore their obligations to the court, the court provides the Defendants until July 30 to provide the requested discovery. If the Defendants have not received by that date and file a motion with the court, the court may enter the sanction of default on Counts III and IV as well.[1]

It is ordered as follows:

Plaintiffs Motion for Sanctions is granted, in part. Default is entered on Counts I and II. Plaintiffs may seek default judgment on those Counts by motion with damages supported by affidavit. Defendants will have 10 days to respond.

The request for a default on Counts III and IV is denied, but the Defendants are on notice that the court may enter a default judgment on those counts if discovery is not provided by July 30.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _June 24, 2024_

Thomas R. McKeon
Justice, Maine Superior Court

---

[1] As far as damages are concerned, if the Plaintiffs press a claim for punitive damages or any damages that are in addition to the damages due under the Note, that would require a damages hearing.

3